IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY DAVIDSON<br>132 Turtle Court<br>Newport, NC 28570<br><br>    Plaintiff,<br><br>    v.<br><br>OTWAY VOLUNTEER FIRE AND<br>RESCUE DEPARTMENT,<br>INCORPORATED<br>509 Hwy 70 Otway<br>Beaufort, NC 28516<br><br>  OTWAY VOLUNTEER FIRE<br>  AND RESCUE DEPARTMENT,<br>  INCORPORATED<br>  c/o Rebecca C. Nelson<br>  PO Box 2154<br>  Beaufort, NC 28516<br><br>    Defendant. | **COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Anthony Davidson, by and through undersigned counsel, as his Complaint against Defendant, states and avers the following:

**PARTIES**

1. Davidson is a resident of the city of Newport, county of Carteret, state of North Carolina.

2. Otway Volunteer Fire and Rescue Department, Inc. ("Otway Fire Department") is a corporation incorporated in North Carolina that operates a fire station located at 509 Hwy 70 Otway, Beaufort NC 28516.

3. Otway Fire Department was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C. § 12101 *et seq*.

## JURISDICTION & VENUE

4. Otway Fire Department hires citizens of the state of North Carolina, contracts with companies in North Carolina, and owns or rents property in North Carolina. As such, the exercise of personal jurisdiction over Otway Fire Department comports with due process.

5. Otway Fire Department is incorporated in North Carolina, thereby conferring general jurisdiction over Otway Fire Department.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1341 in that Davidson is alleging a Federal Law Claim under Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

7. Venue is proper in this District because the wrongs herein alleged occurred in this District.

## ADMINISTRATIVE PROCESS

8. Within 180 days of the conduct alleged below, Davidson filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 433-2024-02454 against Otway Fire Department.

9. On or about September 27, 2024, the EEOC issued and mailed a Notice of Right to Sue letter to Davidson regarding the Charges of Discrimination brought by Davidson against Otway Fire Department.

10. Davidson received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 12117(a) - which has been attached hereto as Plaintiff's Exhibit A.

11. Davidson has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

12. Davidson has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## ADA COVERAGE

13. At all times referenced herein, Otway Fire Department was an "employer" within the meaning of 42 U.S.C. § 12111(5), in that it was engaged in an industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

14. At all times referenced herein, Davidson was an "employee" within the meaning of 42 U.S.C. § 12111(4), in that he was an individual employed by an employer.

## FACTS

15. In 2003, Davidson was diagnosed with Post-Traumatic Stress Disorder ("PTSD").

16. In 2003, Davidson was diagnosed with Panic Disorder ("PD").

17. In 2003, Davidson was diagnosed with Major Depressive Disorder ("MDD").

18. In 2003, Davidson was diagnosed with a variety of chronic back and neck conditions (together, "Neck and Back Disabilities").

19. Davidson's chronic back and neck conditions included arthropathy of lumbar facet joint.

20. Davidson's chronic back and neck conditions included lumbar disc prolapse with radiculopathy.

21. Davidson's chronic back and neck conditions included lumbosacral spondylosis without myelopathy.

22. Davidson's chronic back and neck conditions included degeneration of lumbar intervertebral disc. (Davidson's Neck and Back Disabilities, PTSD, PD, and MDD together, "Disabilities.")

23. Davidson's Disabilities arose from his service with the United States Marine Corps.

24. Without medication, Davidson's Disabilities each and together substantially limit one or more of Davidson's major life activities.

25. Davidson's Disabilities limit his major life activities, including lifting, standing, breathing, socializing, and working.

26. Davidson's Neck and Back Disabilities limit his ability to stand for more than five to ten minutes at a time.

27. Davidson's Neck and Back Disabilities limit his ability to lift more than ten pounds.

28. Davidson's Neck and Back Disabilities limit his ability to shower and dress without assistance.

29. Davidson's PTSD causes Davidson to experience anxiety and panic attacks, and limits Davidson's ability to socialize.

30. Davidson's PD causes Davidson to experience anxiety and panic attacks, limits Davidson's ability to socialize, and causes him difficulties with breathing.

31. Davidson's MDD causes Davidson to experience depressed moods and suicidal ideation.

32. Davidson manages his Disabilities with a schedule of legally prescribed medications. ("Medications")

33. At all relevant times, Davidson's Medications included legally prescribed Xanax.

34. At all relevant times, Davidson's Medications included legally prescribed Xanax for PTSD.

35. At all relevant times, Davidson's Medications included legally prescribed Xanax for PD.

36. At all relevant times, Davidson's Medications included legally prescribed Cymbalta.

37. At all relevant times, Davidson's Medications included legally prescribed Cymbalta for PTSD.

38. At all relevant times, Davidson's Medications included legally prescribed Cymbalta for MDD.

39. At all relevant times, Davidson's Medications included legally prescribed Zyprexa.

40. At all relevant times, Davidson's Medications included legally prescribed Zyprexa for PTSD.

41. At all relevant times, Davidson's Medications included legally prescribed Oxycodone.

42. At all relevant times, Davidson's Medications included legally prescribed Oxycodone for Neck and Back Disabilities.

43. At all relevant times, Davidson's Medications included legally prescribed Ondansetron.

44. At all relevant times, Davidson's Medications included legally prescribed Ondansetron for Neck and Back Disabilities.

45. Davidson's Medications will cause positive results for opioids on drug tests.

46. Otway Fire Department was aware of Davidson taking Davidson's Medications.

47. Otway Fire Department was aware that Davidson's Medications will cause positive results for opioids on drug tests.

48. In or around January 2023, Davidson was hired as a paramedic by Otway Fire Department.

49. When Davidson was hired, Otway Fire Department was aware of Davidson's Disabilities.

50. In the alternative, Otway Fire Department perceived Davidson to be disabled.

51. Otway Fire Department was aware of Davidson's record of disability.

52. Otway Fire Department was aware of Davidson's Medications.

53. Davidson continued to take his prescribed Medications during his employment with the Otway Fire Department.

54. Davidson took his Medications in accordance with all Otway Fire Department policies.

55. With the help from his medication, Davidson's performance as a paramedic exceeded his supervisors' expectations.

56. On or about December 15, 2023, Otway Fire Department Chief, Brian Davis, presented Davidson with the "Provider of the Year" award.

57. Upon information and belief, Davis is not disabled.

58. The "Provider of the Year" award is given "for outstanding active membership and in recognition of exceptional service, dedication, innovation, or other acts or activities which have contributed significantly to Otway Fire & Rescue Department in conjunction with their community that exceeds the normal responsibility of their respective position."

59. In or around January 2024, Otway Fire Department subjected Davidson to a urine drug test.

60. The urine drug test returned a positive result for opioids. ("Davidson's First Positive Drug Test")

61. Davidson's First Positive Drug Test was caused by Davidson's prescribed Oxycodone.

62. Upon information and belief, under Otway Fire Department's policy governing the use of prescription drugs by paramedics, a paramedic is allowed to take prescribed benzodiazepines and prescribed narcotics (which the policy states include Oxycodone) if the medication is taken outside the paramedic's shift and no less than twelve hours prior to the start of the paramedic's shift.

63. Davidson had not taken the medications which caused Davidson's First Positive Drug Test during his shift.

64. Davidson had not taken the medications which caused Davidson's First Positive Drug Test during the twelve hours preceding his shift.

65. Davidson had complied with Otway Fire Department's protocols for Davidson's First Positive Drug Test.

66. Oxycodone is an opioid which can be detected in a urine drug test for up to four days after its last use.[1]

---

[1] https://www.in.gov/dcs/files/drug_detection-times_001_0220_FINAL.pdf

6

Case 4:24-cv-00179-BO-BM    Document 1    Filed 12/18/24    Page 6 of 14

67. An individual who takes Oxycodone may test positive for opioids even if the individual did not take Oxycodone on the day of the drug test or in the twelve hours preceding the drug test.

68. According to a Treatment Improvement Protocol by the Substance Abuse and Mental Health Services Administration, "[i]n interpreting [drug] test results, clinicians should know…[f]indings cannot determine when, how much, or how a drug was administered or the degree of impairment the drug produced."[2]

69. Otway Fire Department could not have known when Davidson took his Medication.

70. On or about January 14, 2024, Davidson met with his supervisors to discuss the positive drug test ("January 14 Meeting").

71. In the January 14 Meeting, Davidson met with Perry McCormick.

72. McCormick was Assistant Chief of EMS for Otway Fire Department.

73. McCormick was Davidson's supervisor.

74. Upon information and belief, McCormick is not disabled.

75. In the January 14 Meeting, Davidson met with Sheena Stephenson.

76. Stephenson was Captain for Otway Fire Department.

77. Stephenson was Davidson's supervisor.

78. Upon information and belief, Stephenson is not disabled.

79. During the January 14 Meeting, Davidson informed McCormick and Stephenson of Davidson's Disabilities.

80. During the January 14 Meeting, Davidson informed McCormick and Stephenson of Davidson's Medications.

---

[2] https://www.ncbi.nlm.nih.gov/books/NBK64092/

81. During the January 14 Meeting, Davidson informed McCormick and Stephenson of the legal prescriptions of his Medications.

82. Davidson informed McCormick and Stephenson that he had followed the policies governing the use of prescription drugs by paramedics.

83. Davidson informed McCormick and Stephenson that his prescribed Oxycodone caused the positive test result.

84. Davidson informed McCormick and Stephenson that his Medications would cause a positive urine test result for several days after his last use.

85. In an email sent after the January 14 Meeting, Davidson informed McCormick that, "I can test positive for opioids and not have taken them while at work."

86. During the January 14 Meeting, Davidson requested from McCormick and Stephenson that he be provided an accommodation, including alternative means of drug testing that would better reflect when his last use of his prescribed medication occurred. ("Davidson's First Request for Accommodations").

87. After Davidson's First Request for Accommodations, Otway Fire Department did not offer a reasonable accommodation for the urine test.

88. After Davidson's First Request for Accommodations, Otway Fire Department did not engage in an interactive process to find a reasonable accommodation.

89. After Davidson's First Request for Accommodations, McCormick did not offer a reasonable accommodation for the urine test.

90. After Davidson's First Request for Accommodations, McCormick did not engage in an interactive process to find a reasonable accommodation.

91. After Davidson's First Request for Accommodations, Stephenson did not offer a reasonable accommodation for the urine test.

92. After Davidson's First Request for Accommodations, Stephenson did not engage in an interactive process to find a reasonable accommodation.

93. After Davidson's First Request for Accommodations, Davis did not offer a reasonable accommodation for the urine test.

94. After Davidson's First Request for Accommodations, Davis did not engage in an interactive process to find a reasonable accommodation.

95. On or about April 2024, Otway Fire Department again subjected Davidson to the same type of urine drug test that Davidson had previously told McCormick and Stephenson would return a positive result.

96. The drug test returned a positive result for opioids and benzodiazepines. ("Davidson's Second Positive Drug Test").

97. Davidson's Second Positive Drug Test was caused by Davidson's prescribed Oxycodone.

98. Davidson's Second Positive Drug Test was caused by Davidson's prescribed Xanax.

99. Davidson had not taken the medications which caused Davidson's Second Positive Drug Test during his shift.

100. Davidson had not taken the medications which caused Davidson's Second Positive Drug Test during the twelve hours preceding his shift.

101. Davidson followed the protocols governing paramedics' use of prescription medications at the time of Davidson's Second Positive Drug Test.

102. Xanax is a benzodiazepine which can be detected in a urine drug test for up to four days after its last use.[3]

103. An individual who takes Xanax may test positive for benzodiazepine even if the individual did not take Xanax on the day of the drug test or during the twelve hours preceding the drug test.

104. On or about April 19, 2024, Otway Fire Department sent a letter to Davidson stating that, "you are hereby suspended from your duties, effective immediately, without pay. This suspension will remain in place until the board of directors convenes to assess your employment status with the Otway Volunteer Fire and Rescue Department, Inc."

105. On or about April 23, 2024, Otway Fire Department sent a letter to Davidson stating that, "[t]his letter serves as a formal notification of the termination of your employment with the Otway Volunteer Fire & Rescue Department, Inc., **effective immediately**." (Emphasis in original.)

106. Throughout Davidson's employment with Otway Fire Department, Davidson had not received any disciplinary actions.

107. Otway Fire Department's purported reason for terminating Davidson's employment is pretext.

108. Otway Fire Department terminated Davidson's employment because of Davidson's Disabilities.

109. Otway Fire Department terminated Davidson's employment because it perceived Davidson to be disabled.

110. Otway Fire Department terminated Davidson's employment because of Davidson's record of disabilities.

---

[3] https://www.in.gov/dcs/files/drug_detection-times_001_0220_FINAL.pdf

111. Otway Fire Department terminated Davidson's employment because of Davidson's First Request for Accommodations.

112. Otway Fire Department failed to engage in an interactive process following Davidson's First Request for Accommodations.

113. As a result of Otway Fire Department's conduct, Davidson suffered, and will continue to suffer damages.

## COUNT I: **DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**

114. Davidson restates each and every paragraph of this complaint as if it were fully restated herein.

115. Otway Fire Department treated Davidson differently than other similarly situated employees based on his disability.

116. On or about April 23, 2024, Otway Fire Department terminated Davidson without cause.

117. Otway Fire Department terminated Davidson based on Davidson's disabilities.

118. Otway Fire Department terminated Davidson's employment because it perceived Davidson to be disabled.

119. Otway Fire Department terminated Davidson's employment because of Davidson's record of disabilities.

120. Otway Fire Department violated the ADA by terminating Davidson based on his disabilities.

121. Otway Fire Department violated the ADA by terminating Davidson based on its perception of Davidson as disabled.

122. Otway Fire Department violated the ADA by terminating Davidson based on his record of disabilities.

123. As a result of Otway Fire Department's discrimination in violation of the ADA, Davidson has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Davidson to injunctive and equitable monetary relief.

124. Davidson has suffered severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

125. To remedy the violations of the rights of Davidson as secured by the ADA, Davidson requests the court award him the relief prayed below.

## COUNT II: FAILURE TO ACCOMODATE IN VIOLATION OF THE ADA

126. Davidson restates each and every paragraph of this complaint as if it were fully restated herein.

127. On or about January 14, 2024, Davidson requested an accommodation regarding the drug testing.

128. Otway Fire Department did not provide Davidson with an accommodation.

129. Otway Fire Department did not engage in an interactive accommodation process with Davidson.

130. Otway Fire Department's failure to provide Davidson an accommodation or engage in an interactive accommodation process with Davidson was a proximate cause of Davidson's termination.

131. Otway Fire Department's failure to provide Davidson an accommodation or engage in an interactive accommodation process with Davidson violated the ADA.

132. As a result of Otway Fire Department's violation of the ADA, Davidson has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Davidson to injunctive and equitable monetary relief.

133. Davidson has suffered severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

134. To remedy the violations of the rights of Davidson as secured by the ADA, Davidson requests the court award him the relief prayed below.

## DEMAND FOR RELIEF

WHEREFORE, Anthony Davidson demands the following:

(a) An award against Defendant of compensatory and monetary damages to compensate Davidson for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(b) An award of punitive damages against Defendant in an amount in excess of $25,000;

(c) An award of reasonable attorneys' fees and non-taxable costs for Davidson's claims as allowable under law;

(d) An award of the taxable costs of this action; and

(e) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Evan G. Gungor, Esq.*
Evan Gungor (60902)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
5540 Centerview Drive
Suite 200B
Raleigh, NC 27606
Phone: (980) 332-4688
Fax:     (216) 291-5744
Email: evan.gungor@spitzlawfirm.com

*Attorneys For Plaintiff*
*Anthony Davidson*

## **JURY DEMAND**

Plaintiff Anthony Davidson demands a trial by jury by the maximum number of jurors permitted.

/s/ *Evan Gungor*
Evan G. Gungor, Esq. (60902)